**SO ORDERED.**

**SIGNED this 25th day of October, 2010.**

_____
**LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court
**Western District of Texas**
**San Antonio Division**

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| HAROLD TAYLOR | 10-52344-C |
| *DEBTOR* | CHAPTER 7 |

## ORDER STRIKING FILING OF REAFFIRMATION AGREEMENT AND DISAPPROVING SAME

CAME ON for consideration the reaffirmation agreement filed with respect to Chase Auto Finance. The reaffirmation agreement was timely signed by the debtor, pursuant to the debtor's statement of intention. The agreement was signed by Chase prior to the entry of the debtor's discharge. The agreement was not timely filed by Chase, however, until after the discharge was entered. Rule 4008 provides that a reaffirmation agreement must be filed no later than 60 days after the date set for the first meeting of creditors. This agreement was filed after that date. Further, a review of the receipt shows that it was Chase Auto Finance that failed to timely file the agreement.

This court has previously ruled that reaffirmation agreements filed after the entry of the debtor's discharge (as occurred here) deprive the court of the ability to exercise the requisite duty

to review such agreements under section 524(m), because section 524(m)(1) provides that the court's disapproval must occur before the entry of the debtor's discharge. If the agreement is not filed until *after* the debtor's discharge, then the court has no means of conducting an effective review – by the time the reaffirmation agreement is on file and available for the court's review, it is too late for the court to exercise its appropriate discretion under section 524(m). *See In re Salas*, Bankr. Case No. 09-54716-C (Bankr. W.D.Tex. July 14, 2010), *available at* http://www.txwb.uscourts.gov/opinions/opdf/09-54716-lmc_Betty Balles Salas_2010-07-14 23;05;01.pdf.

This reaffirmation agreement was filed after the time specified in Rule 4008, by the creditor who expected to benefit from the agreement. No motion was filed seeking permission to file the agreement out of time. If the creditor wants the special benefits of reaffirmation, which, it will be remembered, is an exception to the fresh start policy of the Code, and thus is properly narrowly construed in favor of the debtor, then it is incumbent upon the creditor to see to it that all the provisions relating to such agreements are complied with. Each of those provisions serve a salutary purpose. The requirement of filing before discharge has the salutary purpose of affording the court the ability to perform the statutory duty assigned to it by section 524(m)(1). The creditor cannot, by its own actions, both defeat the ability to of the court to conduct that review, then demand that the reaffirmation be approved anyway. Equity militates against a party's being rewarded for its own dilatory conduct. The filing should accordingly be stricken.

The reaffirmation agreement not having been timely filed, thereby depriving the court of the ability to perform its duties under section 524(m)(1), the filing of the said agreement is stricken. The reaffirmation agreement is thus not effective. *See* 11 U.S.C. § 524(c)(3).

# # #